# UNITED STATES DISTICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| SCOTT A. BURK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 1:17-cv-1093-TWP-MPB |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

### Entry Granting Petition for Writ of Habeas Corpus
### and Directing Entry of Final Judgment

This matter is before the Court on Petitioner Scott Burk's petition for a writ of habeas corpus. Mr. Burk challenges a prison disciplinary proceeding identified as No. ISR 16-12-0099. For the reasons explained in this entry, Mr. Burk's habeas petition is **granted**.

### A. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On December 22, 2016, Correctional Officer M. Franklin wrote a Report of Conduct in case ISR 16-12-0099 charging Mr. Burk with a violation of codes 111/113 conspiracy, attempting, aiding or abetting/trafficking. The conduct report states:

> On the above date and approx.. time, I, Officer M. Franklin was in the C block officers case looking for a kiosk/phone sheet. Offender Burk, Scott #852451 (4-1C ACT Detail) approached me and said he needed to talk to me. I told him go ahead and he stated "I am too old to be running around here hustling for my money. I could make some real money if I could just find the right guy to work with me." I told him "No, I'm not that guy." He replied with, "Franklin, I think you could be that guy for me." I then responded with "No, I'm not that guy and I never will be" and I then walked away. There was no conversation with the offender after that.

Dkt. 7-1.

On January 6, 2017, Mr. Burk was notified of the charge and was given a copy of the conduct report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. He requested a lay advocate but did not request any witnesses. Mr. Burk sought the following evidence: video evidence and the institutional packet showing his disciplinary history. The request for video evidence was denied stating "there are no cameras that show the officer's office in GCH-MS."

The hearing officer conducted a disciplinary hearing in case ISR 16-12-0099 on January 12, 2017, after a postponement. Mr. Burk provided the following statement: "I did not attempt to traffic with the officer. I understand that the definition of 113 is to give or receive something of value from someone who does not resume [sic] in the DOC. I did not offer Officer Franklin any money. I have no history of trafficking." Dkt. 7-5. Mr. Burk's disciplinary history was provided to the hearing officer. Dkt. 7-2; dkt. 7-4. The hearing officer also considered the staff reports.

The hearing officer found Mr. Burk guilty of the charge of attempted trafficking and recommended the following sanction: a written reprimand; a 45-day loss of commissary, kiosk,

and phone privileges; six (6) months disciplinary segregation, a 100-day deprivation of earned credit time, and a demotion from credit class 1 to credit class 2. The hearing officer recommended the sanctions because of seriousness of the violation, the degree to which the violation disrupted/endangered the security of the facility, and the likelihood of the sanction having a corrective effect on the offender's future behavior. Dkt. 7-6.

Mr. Burk appealed the disciplinary proceeding through the administrative process. His appeals were denied. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were violated.

### C. Analysis

Mr. Burk is entitled to habeas relief. The Court will only discuss the dispositive claim that the evidence was insufficient to support the guilty finding.

Mr. Burk argues that the conduct report does not support the charge of attempting to traffic or engage in trafficking because the definition for trafficking states a physical object must be brought into or taken out of the facility. Mr. Burk is correct.

The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Burk was charged with a violation of code number 111/113 conspiracy, attempting, aiding or abetting/trafficking. Dkt. 7-1. These offense are defined by the Indiana Department of Correction ("IDOC") as follows:

> 111  Conspiracy/Attempting/Aiding or Abetting
>
> Attempting or conspiring or aiding and abetting with another to commit and Class A Offense.
>
> 113  Trafficking
>
> Engaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility.

Indiana Code section 35-44.1-3-5(b) states:

A person who, without the prior authorization of the person in charge of a penal facility or juvenile facility, knowingly or intentionally:
    (1) delivers, or carries into the penal facility or juvenile facility with intent to deliver, an article to an inmate or child of the facility:
    (2) carries, or receives with intent to carry out of the penal facility or juvenile facility, an article from an inmate or child of the facility; or
    (2) delivers, or carries to a worksite with the intent to deliver, alcoholic beverages to an inmate or a child of a jail work crew or community work crew; commits trafficking with an inmate, a Class A misdemeanor.

Here, the evidence is that Mr. Burk approached Officer Franklin and attempted to recruit Officer Franklin to help him "make some real money." Dkt. 7-1. The Court agrees that there is some evidence Mr. Burk was attempting to engage in shady behavior. However, the facts set forth in the conduct report fail to connect the dots that the shady behavior was trafficking which is required for a code 113 violation. There are no facts in the conduct report that support the definition of trafficking which requires that a person knowingly or intentionally deliver or carry an article into or out of a facility. Therefore, the evidence is insufficient to support the guilty finding in this action.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Because there was insufficient evidence of Mr. Burk's guilt, the disciplinary finding of guilt was arbitrary and that finding and the sanctions imposed

must be **VACATED AND RESCINDED.** Accordingly, Mr. Burk's petition for a writ of habeas corpus is **GRANTED**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/28/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to all electronically registered counsel via CM/ECF and to:

SCOTT A. BURK
852451
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant - Court only